IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM JACK TONEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0184-G |
| | § | |
| CITY OF DALLAS, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

On February 4, 2008, William Jack Toney, a Texas prisoner, filed a 45-page complaint asserting a variety of civil rights claims against multiple defendants. As best the court can decipher from his pleadings and interrogatory answers, plaintiff's claims arise out of: (1) his arrest and subsequent acquittal on charges of indecency with a child; (2) the seizure of a friend's car by the City of Irving and plaintiff's arrest, prosecution, and confinement on charges of unauthorized use of a motor vehicle; (3) excessive force used against plaintiff's mother, Linda Toney, by Irving police officers and the failure to provide Linda with medical care for her injuries while she was incarcerated in the Irving City Jail; (4) the failure of police to prosecute an unidentified suspect who assaulted plaintiff; (5) the towing of plaintiff's car from a nursing home parking lot; (6) the deprivation of plaintiff's right of access to the courts; and (7) plaintiff's multiple transfers within the Dallas County

Jail system. Because joinder of these disparate claims is improper under the federal rules,[1] the court ordered plaintiff to file an amended complaint, in proper form, by May 23, 2008. *See* Order, 5/2/08. The order provides that "[a]ll claims set forth in this amended complaint must arise out of the same transaction, occurrence, or series of transactions or occurrences, and must contain questions of law or fact common to all defendants named therein." *Id.* Plaintiff was warned that his failure to file an amended complaint in proper form by the court-ordered deadline would result in the dismissal of his case. *Id.* In response to that order, plaintiff filed a motion for extension of time to amend his complaint. The court granted an extension until July 11, 2008. *See* Order, 5/13/08. Once again, the court warned that this case would be dismissed if plaintiff did not file an amended complaint in proper form by that deadline. *Id.* To date, plaintiff still has not amended his complaint. The court therefore determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734

---

[1] Rule 18 of the Federal Rules of Civil Procedure allows a party to join "as independent or alternative claims, as many claims as it has against an opposing party." FED. R. CIV. P. 18(a). Rule 20 allows the joinder of multiple defendants in a single action only if the plaintiff's claims against them "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," or if "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(1)(A) & (a)(2)(B). Here, plaintiff attempts to join seven unrelated claims against nine different defendants--the City of Dallas, the City of Irving, the United States of America, the State of Texas, Dallas County, Sheriff Lupe Valdez, District Attorney Craig Watkins, an unnamed Irving police officer, and attorney Phillip Hayes. It is clear from plaintiff's complaint and interrogatory answers that none of the seven groups of claims arise out of the same transaction, occurrence, or series of events. Nor do the claims against the defendants involve common questions of fact or law. Thus, joinder of all defendants in one action is improper.

(1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

More than two months ago, the court ordered plaintiff to file an amended complaint that alleged only claims arising out of the same transaction, occurrence, or series of transactions or occurrences, or that involved questions of law or fact common to all defendants named therein. The original deadline for filing this amended pleading was May 23, 2008. At plaintiff's request, the deadline was extended until July 11, 2008. On two different occasions, plaintiff was warned that this case would be dismissed if he failed to file an amended complaint in proper form by the court-ordered deadlines. Despite these warnings, plaintiff still has not amended his complaint. The inability to proceed with this litigation is directly attributable to plaintiff's failure to file an amended complaint that complies with the federal rules. Dismissal is clearly warranted under these circumstances. *See Salley v. Beard*, 245 Fed.Appx. 202, 204, 2007 WL 2381404 at *1 (3d Cir. Aug. 22, 2007) (affirming dismissal of *pro se* prisoner civil rights action where plaintiff failed to amend complaint by court-ordered deadline); *Long*, 77 F.3d at 879 (district court may *sua sponte* dismiss civil action under Rule 41(b) for failure to comply with a court order).[2]

## RECOMMENDATION

Plaintiff's complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

---

[2] The court notes that three other cases brought by plaintiff have been dismissed without prejudice for failure to comply with court orders. *See Toney v. Wilson*, No. 3-96-CV-1501-R (N.D. Tex. Sept. 6, 1996); *Toney v. State of Texas*, No. 3-02-CV-1413-H, 2002 WL 31495989 (N.D. Tex. Nov. 5, 2002); *Toney v. Irving Police Dept.*, No. 3-07-CV-1740-B (N.D. Tex. Jan. 24, 2008).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 22, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE